**SO ORDERED.**

**SIGNED this 24 day of January, 2013.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

SHARON ELOISE MARION,        CHAPTER 7
                             CASE NO. 12-07444-8-RDD
    DEBTORS

**ORDER IMPOSING SANCTIONS ON DEBTOR'S ATTORNEY**

Pending before the Court is the Order to Show Cause entered on December 13, 2012, which was continued by the Order Continuing Show Cause Hearing entered on January 7, 2013. The Order to Show Cause directed Debtor to appear and show cause as to why sanctions should not be imposed for failure to provide documents in the above-referenced matter. A hearing was held on January 17, 2013, in New Bern, N.C.

On October 17, 2012, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On December 12, 2012, a Motion to Show Cause Why the Debtor's Case Should Not Be Dismissed was filed by the Bankruptcy Administrator. On the Motion, Debtor, through her attorney, was to provide either pay advices and tax returns or statements indicating she had not been employed and did not file tax returns for the two years preceding her petition.

On December 17, 2012, Debtor's attorney responded by forwarding to the Bankruptcy Administrator a document signed by Debtor on September 3, 2012. According to the Bankruptcy Administrator, this is the fourth Motion to Show Cause filed in this Court for one of Debtor's counsel's clients within the last twelve months. The affidavit of Amanda L. Gaster, paralegal with the Office of the Bankruptcy Administrator, shows ten additional cases filed in which Debtor's counsel has failed to comply with the requirement to properly file pay advices and tax returns.

Debtor testified she began meeting with her counsel in August of 2012. She paid a fee of $1,600.00. She recalls meeting with a paralegal and an associate attorney. She went to the office a number of times but cannot recall the date she signed her petition. She was also unsure she received a copy of the petition at all. Debtor's counsel candidly admitted to this Court he is not sure he or his office gave Debtor a copy of the petition when she signed it. As to the signed copy of the petition provided to the Bankruptcy Administrator's office, Debtor testified she is not sure as to the date of the signature and is unsure she received a copy.

It is clear to this Court Debtor's counsel has been negligent in establishing proper procedures and supervising his office staff to represent clients for the filing of petitions and in the consultation and rendering of advice prior to the filing of petitions. This Court finds Debtor's counsel has violated the professional standards as set forth by this Court per *In re Sledge*, 352 B.R. 742 (Bankr. E.D.N.C. 2006):

> Based on the . . . Rules of Professional Conduct, the court finds that when a person hires an attorney, he or she is entitled to a certain level of professional services and those services are to be rendered in a competent manner. An attorney should regularly communicate with his clients to insure that the clients understand the impact and scope of their case and the consequences of certain actions that may be taken in the case. There is a professional standard of care that must be met by the reasonably prudent attorney. That professional standard of care requires

> attorneys practicing in this court to meet with each debtor personally and review the petition with the debtor prior to filing to insure the correctness of the information contained therein and the client's comprehension of the seriousness and consequences of filing the petition. It is not sufficient for the debtor to meet only with the paralegal unless an exceptional or emergency situation exists. The attorney should provide a copy of any and all paperwork, including the petition, contemporaneously with the final review, signing and filing of the petition. In addition to the requirements of the Rules of Professional Conduct Rule 1.3, the Local Rules of this court require attorneys to "remain the attorney of record for all purposes, including the representation of the debtor in all matters that arise in conjunction with the proceeding, until the case is closed or the attorney is relieved upon application and court order." E.D.N.C. LBR 9011-1.

*Id.* at 748. Based on this decision this Court believes sanctions are appropriate.

Neither Debtor nor Debtor's counsel recalls whether Debtor received a copy of the petition prior to the § 341 meeting. The statement signed by Debtor on September 3, 2012, was not filed until December 17, 2012. Debtor's counsel has failed to timely file either pay advices or tax returns or a statement indicating Debtor had not been employed and did not file tax returns for two years preceding the filing of the petition in eleven previous cases in 2012.

Therefore, the Order to Show Cause will not be dismissed. Debtor's counsel is sanctioned in the amount of $1,600.00, payable to the Clerk of Court of the United States Bankruptcy Court on or before January 25, 2013, at 5:00 PM. Also, Debtor's counsel is to reimburse Debtor $108.32 for wages she would have earned on the date of this hearing, plus $20.00 for mileage, for a total of $128.32. In addition, within 60 days of the date of this hearing, Debtor's counsel and his staff are to complete additional CM/ECF training offered by the Clerk of Court of the United States Bankruptcy Court.

**SO ORDERED**.

**END OF DOCUMENT**